IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DENISE DUCKETT,** | * | |
| Plaintiff, | * | |
| v. | * | Civil No. 8:24-02315-CDA |
| **XPO LOGISTICS FREIGHT, INC.,** | * | |
| Defendant. | * | |
| | * * * | |

## MEMORANDUM OPINION

BEFORE THE COURT is Defendant GXO's pending Motion for Summary Judgment.[1] ECF 29. Attached to the Motion are numerous exhibits.[2] Despite extensions of time to do so, Plaintiff Denise Duckett has not filed any opposition. The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated below, the Court **GRANTS** the Motion.

## I.   FACTUAL BACKGROUND

Defendant GXO Logistics Supply Chain, Inc. ("GXO"), is an entity that contracted with the United States Postal Service ("USPS") to operate the premises located at 14301 Mattawoman Drive, Brandywine, Maryland 20613. Def.'s Mem. in Supp. Mot. for Summ. J. ("Def.'s MSJ") ¶¶ 2-3, ECF 29-1. GXO contracted with EmployBridge to

---

[1] Though the contract was executed by XPO Logistics Supply Chain of New Jersey, Inc., the parties have stipulated that GXO Logistics Supply Chain, Inc., has assumed all the rights, responsibilities, and liability for contracts entered or acts undertaken by XPO Logistics Supply Chain of New Jersey, Inc. ECF 25. For simplicity, the Court refers to the defendant as "GXO."

[2] The Court references all filings by their respective ECF numbers and the page numbers by the ECF page numbers on the top of the page.

provide temporary employees to assist in GXO's obligations pursuant to its contract with USPS. *Id.* ¶ 3. Plaintiff Denise Duckett was a temporary worker hired by EmployBridge and assigned to assist GXO in its obligations under its contract with USPS. *Id.* ¶ 4. On July 28, 2021, a forklift rolled over her left foot, injuring her. Am. Compl. ¶¶ 7-8, ECF 6. Ms. Duckett alleges that GXO had a duty to maintain proper supervision over the forklift and its operator. *Id.* ¶¶ 17, 22. GXO maintains that Ms. Duckett, at the time of the accident, was in the course and scope of her employment as a temporary worker for EmployBridge. Def.'s MSJ ¶ 4. Therefore, GXO insists that it is entitled to statutory immunity pursuant to the Maryland Workers' Compensation Act ("WCA"). *Id.* ¶ 1.

## II.    PROCEDURAL HISTORY

On July 2, 2024, Ms. Duckett filed a complaint alleging one count of negligence and one count of negligent entrustment/supervision in the Circuit Court for Prince George's County against XPO Logistics Freight Inc., RXO Last Mile, Inc., d/b/a XPO Logistics, and Clemenceau Logistics Assets, LLC. ECF 5. Ms. Duckett amended the complaint on July 17, 2024, adding GXO Logistics Supply Chain, Inc., and GXO Logistics Worldwide, LLC as defendants. ECF 6. The defendants removed this action from the Circuit Court of Maryland for Prince George's County to this Court on August 9, 2024. ECF 1. On December 13, 2024, the Court approved the voluntary dismissal of this action against all defendants except GXO. ECF 23, 25. GXO then moved for summary judgment on the grounds that it is entitled to statutory immunity from Plaintiff's claims pursuant to the WCA. Def.'s MSJ ¶ 2. Ms. Duckett then sought, and was granted, an extension of time to respond to the Motion (up to March 28, 2025). ECF 30, 31. Shortly thereafter, she filed a motion to withdraw her attorney's appearance and a second request for an extension for a response to GXO's Motion. ECF 32, 33. The Court granted

2

both. ECF 34, 35. Despite the extensions of time to respond (and additional time since the modified deadline), Ms. Duckett has not responded. Accordingly, the Motion for Summary Judgment is unopposed.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson*, 477 U.S. at 247–48 (emphasis in original). When a motion for summary judgment is unopposed, "the failure of a party to respond . . . may leave uncontroverted those facts established by the motion[.]" *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993). But the Court must still thoroughly analyze the motion and determine whether the moving party is entitled to judgment as a matter of law based on those uncontroverted facts. *See id.*

### IV.   ANALYSIS

GXO seeks summary judgment on all counts, on the ground that the claims are barred by the WCA. For the reasons that follow, the Court grants judgment as a matter of law on all claims.

The WCA preempts all tort actions against an employer. MD. CODE, LAB & EMP.

§ 9-101 *et seq*. For injuries occurring within the scope and course of their employment, the WCA provides an employee's exclusive remedy against their employer. *Id*. at § 9-509(a). The term "employer" includes "a principal contractor where (1) the contractor has contracted to perform work which is a part of his trade, business or occupation, (2) the contractor has contracted with another party as subcontractor for the execution of work, in whole or in part, and (3) the covered employee is employed in the execution of that work." *Lumpkins v. U.S.*, 212 F. Supp. 2d 464, 468 (D. Md. 2002); *see* MD. CODE, LAB. & EMP. § 9-508(a). The liability of the principal contractor to the subcontractor's employee is referred to as that of the "statutory employer" to a "statutory employee." *Lumpkins*, 212 F. Supp. 2d at 468.

Here, GXO's Motion for Summary Judgment establishes the following uncontroverted facts: (1) that USPS contracted with GXO to provide logistical and distribution services; (2) that GXO contracted with EmployBridge to perform part of this work on USPS's behalf; (3) that Employbridge employed Ms. Duckett to perform this work; and (4) that Ms. Duckett suffered her injury within the scope and course of this employment. *See* Def.'s MSJ at ¶ 3 (establishing that before the occurrence, USPS contracted with GXO "pursuant to which GXO operated the Premises and provided logistical and distribution services for the USPS[]"); Def.'s Ex. 1, Aff. of Michael Wahl at ¶¶ 4-5, ECF 29-2 (testimony of GXO employee, affirming that GXO and USPS entered into a contract, and GXO contracted with EmployBridge to provide temporary employees); Def.'s Ex. 2, ECF 29-3 (a copy of the contract between GXO and USPS); Def.'s Ex. 3, ECF 29-4 (a copy of the contract between GXO and EmployBridge); Def.'s MSJ ¶ 2 (noting that Ms. Duckett acted within the scope and course of her employment when she was injured). Applying these uncontroverted facts to the WCA considerations

cited above, the Court finds that when GXO contracted with EmployBridge to provide employees to fulfill GXO's contract with USPS, GXO became the statutory employer of those employees provided by EmployBridge. Ms. Duckett was one of these employees. For purposes of this case, GXO is Ms. Duckett's statutory employer. Therefore, pursuant to the WCA, GXO is immune from tort claims for any injuries that occurred in the scope and course of Ms. Duckett's employment.

## V.     CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is hereby **GRANTED**. A separate order consistent with opinion will issue.

Date: September 26, 2025

                                                /s/
                                     Charles D. Austin
                                     United States Magistrate Judge